AO 245B (Rev. 10/2011 EDNY) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK, BROOKLYN__

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JOSE ORLANDO ALZATE ALZATE | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 07-CR-403-01 (JG)<br>USM Number: 75597-053<br>Hector B. Perez, Esq. (212) 226-8426<br>350 Broadway, Suite 1207, New York, NY 10013<br>Defendant's Attorney |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 27 2012 ★
BROOKLYN OFFICE

**THE DEFENDANT:**

✔ pleaded guilty to count(s)   Two and Three of a three-count indictment on 8/7/2008.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. §§ 963, 959(a) and 960(b)(1)(B)(ii) | Conspiracy to internationally distribute cocaine to be imported into the United States. | 11/26/2007 | TWO |
| 18 U.S.C. §§ 1956(h) | Conspiracy to commit money laundering. | 11/26/2007 | THREE |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

✔ Count(s)   (All Open Counts)   ☐ is   ✔ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 23, 2012
Date of Imposition of Judgment

s/John Gleeson
Signature of Judge

JOHN GLEESON, U.S.D.J.
Name and Title of Judge

3/26/12
Date

Judgment — Page 2 of 6

DEFENDANT:       JOSE ORLANDO ALZATE ALZATE
CASE NUMBER:     07-CR-403-01 (JG)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Forty-eight (48) months of incarceration on Count Two and forty-eight (48) months of incarceration on Count Three. The term of incarceration is to run concurrently on both counts, totaling forty-eight (48) months.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　☐ as notified by the United States Marshal.

✔ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　✔ before 12 p.m. on **August 3, 2012** .

　✔ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
   DEPUTY UNITED STATES MARSHAL

Judgment—Page 3 of 6

DEFENDANT:       JOSE ORLANDO ALZATE ALZATE
CASE NUMBER:     07-CR-403-01 (JG)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**Five (5) years of supervised release on Count Two and three (3) years of supervised release on Count Three. The term of supervised release is to run concurrently on both counts, totaling five (5) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

- [✔] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

- [ ] The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; or if such prior notification is not possible, then within forty eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOSE ORLANDO ALZATE ALZATE
CASE NUMBER: 07-CR-403-01 (JG)

## SPECIAL CONDITIONS OF SUPERVISION

– The defendant is to refrain from possessing a firearm, destructive device, or other dangerous weapon.

– If deported, the defendant may not reenter the United States illegally.

– The defendant shall make full financial disclosure to the U.S. Probation Department.

– Compliance with the Order of Forfeiture as attached.

DEFENDANT: JOSE ORLANDO ALZATE ALZATE
CASE NUMBER: 07-CR-403-01 (JG)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 40,000.00 | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ | $ |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA

**ORIGINAL**

<u>ORDER OF CRIMINAL</u>
<u>FORFEITURE</u>

CR 07-403
(Gleeson, J.)

- against -

JOSE OLRANDO ALZATE ALZATE,

Defendant.
- - - - - - - - - - - - - - - - - X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 1 2008 ★
BROOKLYN OFFICE

WHEREAS, in the above-captioned criminal action, the United States of America sought the forfeiture of all property constituting or derived from proceeds obtained directly or indirectly as a result of a violation of 21 U.S.C. § 959 and all property involved in and all property traceable to a violation of 18 U.S.C. § 1956(h), or in the alternative, substitute assets, of the defendant, JOSE OLRANDO ALZATE ALZATE pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853; and

WHEREAS, on August 7, 2008, the defendant, JOSE OLRANDO ALZATE ALZATE, entered a plea agreement with the United States, and agreed, *inter alia*, to plead guilty to Counts Two and Three of the Indictment charging him with drug importation conspiracy in violation of 21 U.S.C. § 959 and money laundering conspiracy in violation of 18 U.S.C. 1956(h);

WHEREAS, the defendant JOSE OLRANDO ALZATE ALZATE,

*inter alia*, has as part of his Plea Agreement with the United States, agreed to the entry of an Order of Forfeiture against the defendant, and to forfeit to the United States all right, title and interest in $10,000.00 in United States Currency; and

WHEREAS on August 7, 2008 this Court accepted the defendant's guilty plea; and

WHEREAS, by virtue of the Defendant having pled guilty and waived all his constitutional, legal and equitable defenses and rights to the forfeiture allegations in the Indictment, the United States is now entitled to possession of the forfeited property, pursuant to 21 U.S.C. § 853; 18 U.S.C. § 982; and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 21 U.S.C. § 853; 18 U.S.C. § 982; and Fed. R. Crim. P. 32.2, the Plea Agreement, and guilty plea, which have been accepted by this Court, the Defendant, JOSE OLRANDO ALZATE ALZATE, agrees to the entry of a forfeiture money judgment in favor of the United States in the amount of $10,000.00 which sum represents proceeds defendant has acquired or maintained and property and proceeds involved in or traceable to the offense in the Indictment to which the defendant has pleaded guilty ("the Forfeiture Judgment").

2. The Defendant is liable to the United States and shall pay a total of $10,000.00 which shall constitute payment on the

Forfeiture Judgment. This payment, shall be made by bank or certified check payable to the "United States Marshal's Service for the Eastern District of New York" and delivered to the United States Attorney's Office for the Eastern District of New York no later than 90 days after the entry of the defendant's guilty plea. The United States Marshal's Service for the Eastern District of New York is hereby authorized to deposit any and all amounts paid as against the Forfeiture Judgment into an interest-bearing escrow account pending further order of the Court.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), at sentencing, this Order of Forfeiture shall be made a part of the Defendant's sentence and included in the final Judgment.

4. The Clerk of Court shall forward three certified copies of this order to United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
      August 7, 2008

SO ORDERED:

s/John Gleeson
_____
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

DEFENDANT: JOSE ORLANDO ALZATE ALZATE
CASE NUMBER: 07-CR-403-01 (JG)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ✔ Lump sum payment of $ __$200.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ✔ Special instructions regarding the payment of criminal monetary penalties:

    **– The fine imposed is due immediately.**

    **– Payment shall be made to the Clerk of the Court at 225 Cadman Plaza East, Brooklyn, NY 11201.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

*Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.*